**United States Bankruptcy Court**
**Eastern District of Pennsylvania**

| | |
|---|---|
| In re **Ashley C. Wilson** | Case No. **18-1797-mdc** |
| Debtor(s) | Chapter **13** |

### RESPONSE TO CERTIFICATION OF DEFAULT OF LAKEVIEW
### LOAN SERVICING, LLC

1. Debtor responds to the Certification of Default filed by Lakeview Loan Servicing, LLC ("Lakeview") on December 27, 2019 and objects to entry of the Proposed Order. In the alternative, the debtor moves the Court to suspend consideration of this matter for until debtor receives and has time to review a statement of account from Lakeview.

### I. BACKGROUND AND BASIS FOR RELIEF

2. Lakeview and the debtor entered into upon the Stipulation filed on July 25, 2019. (Exhibit A.) The Stipulation provides that Lakeview may file a Certification of Default after serving a written fifteen-day Notice of Default upon the debtor and debtor's counsel. Lakeview's Notice of Default is dated December 4, 2019. Debtor's counsel has no record of receiving the notice of default.

3. The debtor cleared the post-filing mortgage arrearage on December 19, 2019, within the fifteen days provided by the Stipulation. (Exhibit B.) Debtor's counsel has requested a statement of account from Lakeview's counsel to determine if the debtor's payments were properly credited.

4. Also, debtor's counsel will be out of the country or in transit from the afternoon of December 28, 2019, until January 8, 2020, with uncertain access to email and phone services. Therefore, debtor's counsel will have limited contact with the debtor on this matter while he is overseas.

## II. PRAYER FOR RELIEF

5.      WHEREFORE, the debtor requests that the Court deny Lakeview's Proposed Order filed with its Certification of Default. In the alternative, debtor requests that the Court suspend any consideration of Lakeview's proposed order in this matter (1) to allow the debtor to receive and review a statement of account with her counsel and determine if all payments have been credited to her account, (2) for Lakeview to provide proof of service of the Notice of Default upon Debtor's Counsel, and (3) in consideration of debtor's counsel's unavailability during the first week of January.

Dated: **December 28, 2018**

Respectfully Submitted,

By: /s/ Daniel E. Mueller
Daniel E. Mueller
Harborstone Law Group
40 W. Evergreen Ave., Ste 101
Philadelphia, PA 19118
215-248-0989
Attorney for the Debtor

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re: **Ashley C. Wilson**                                   Case No.:  **18-17973-mdc**
                                                                                    Chapter 13
                    Debtor(s)

**CERTIFICATE OF SERVICE**

    I, Daniel E. Mueller, do hereby certify that on **December 28, 2019,** I caused true and correct copies of the foregoing **REPLY TO CERTIFICATION OF DEFAULT OF LAKEVIEW LOAN SERVICING, LLC** to be served via postal mail or the Court's CM/ECF System upon the individuals and entities in the attached service list.

    Dated: **December 28, 2019**

                                        Respectfully Submitted,

                                        By: /s/ Daniel E. Mueller
                                        Daniel E. Mueller
                                        Harborstone Law Group
                                        40 W. Evergreen Ave., Ste 101
                                        Philadelphia, PA 19118
                                        215-248-0989
                                        Attorney for the Debtor

## SERVICE LIST

William C. Miller, Esq.
Chapter 13 Trustee
ecfemails@ph13trustee.com, philaecf@gmail.com

United States Trustee
USTPRegion03.PH.ECF@usdoj.gov

KEVIN G. MCDONALD on behalf of Creditor Lakeview Loan Servicing LLC
bkgroup@kmllawgroup.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ashley C. Wilson<br>        Debtor<br><br>Lakeview Loan Servicing LLC<br>        Movant<br>vs.<br>Ashley C. Wilson<br>        Debtor<br><br>William C. Miller, Esquire<br>        Trustee | CHAPTER 13<br><br>NO. 18-17973 MDC<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$7,043.75**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 1, 2019 to July 1, 2019 at $1,006.25/month |
| **Total Post-Petition Arrears** | **$7,043.75** |

2. The Debtor shall cure said arrearages in the following manner:

    a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$7,043.75.**

    b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$7,043.75** along with the pre-petition arrears;

    c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due August 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,006.25 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 5, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 7/12/2019

Daniel E. Mueller, Esquire
Attorney for Debtor

Date: 7/22/19

NO OBJECTION

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 25th day of July, 2019. However, the court retains discretion regarding entry of any further order.

MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE