```
                          United States Bankruptcy Court
                          Eastern District of Pennsylvania
```

In re:                                                          Case No. 18-17973-mdc
Ashley C. Wilson                                                Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Antoinett          Page 1 of 1          Date Rcvd: Feb 05, 2020
                                Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 07, 2020.
db          +Ashley C. Wilson,    47 Concord Rd,    Darby, PA 19023-1312

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                    TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 07, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 5, 2020 at the address(es) listed below:
           DANIEL E. MUELLER    on behalf of Debtor Ashley C. Wilson dem@demattorney.com, harborstoneecf@gmail.com
           KEVIN G. MCDONALD    on behalf of Creditor    Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
           REBECCA ANN SOLARZ    on behalf of Creditor    Lakeview Loan Servicing LLC bkgroup@kmllawgroup.com
           United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
           WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                    TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ashley C. Wilson <br> _Debtor_ | CHAPTER 13 |
| Lakeview Loan Servicing LLC <br> _Movant_ <br> vs. | NO. 18-17973 MDC |
| Ashley C. Wilson <br> _Debtor_ | |
| William C. Miller, Esquire <br> _Trustee_ | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$1,919.41** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | December 1, 2019 to January 1, 2020 at $1,097.83/month |
| Suspense Balance; | $276.25 |
| **Total Post-Petition Arrears** | **$1,919.41** |

2. The Debtor shall cure said arrearages in the following manner:

   a). On or before January 31, 2020, the Debtor shall make the December 1, 2019 payment in the amount of **$1,097.83**;

   b). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$821.58.**

   c). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$821.58** along with the pre-petition arrears;

   d). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due February 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,097.83 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 22, 2020

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: January 31, 2020

Daniel E. Mueller, Esquire
Attorney for Debtor

**NO OBJECTION**

Date: 2/3/2020

William C. Miller, Esquire
Chapter 13 Trustee   *without prejudice to any trustee rights or remedies

Approved by the Court this 5th day of February, 2020. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge